## A. BALDWIN & CO., Inc., v. LE LONG et al. (GIBSON, Intervener).

### No. 14164.

Court of Appeal of Louisiana. Orleans.

Oct. 17, 1932.

See, also, 142 So. 206; 142 So. 879.

Friedrichs, Connolly & Simoneaux, of New Orleans, for appellant.

F. Rivers Richardson, of New Orleans, for appellees.

WESTERFIELD, J.

The plaintiff in this case, a mortgage creditor of the defendant Charles A. Le Long to the extent of $213.70, caused his household effects to be seized under a writ of fieri facias, whereupon Tom L. Gibson, a resident of the state of Mississippi, intervened, claiming prior rights upon the seized property as subrogee of the Fulton Loan Service, Inc., the holder of a chattel mortgage executed before F. C. Johnson, Jr., notary public, as security for the payment of $260. Plaintiff denies the validity of the alleged subrogation.

The record shows that Charles A. Le Long defaulted in the payment of a loan made by the Fulton Loan Service, Inc., to him and was threatened with foreclosure of the chattel mortgage securing the loan. He appealed to his uncle, Tom L. Gibson, who verbally agreed to pay the loan company provided he was subrogated to the rights of the Fulton Loan Service, Inc. The loan company was not paid directly by Gibson, but by his attorney, F. Rivers Richardson, to whom he had sent his check; Richardson in turn giving his check to the loan company.

Article 2160 of the Civil Code, with relation to conventional subrogation, in paragraph 2 provides:

"The subrogation is conventional: * * *

"2. When the debtor borrows a sum for the purpose of paying his debts, and intending to subrogate the lender in the rights of the creditor. To make this subrogation valid, it is necessary that the act of borrowing and the receipt be executed in presence of a notary and two witnesses; that, in the act of borrowing, it be declared that the sum was borrowed to make the payment, and that in the receipt it be declared that the payment has been made with the money furnished for that purpose by the new creditor. That subrogation takes place independently of the will of the creditor."

In the case of Cooper et al. v. Jennings Refining Co., 118 La. 181, 42 So. 766, the Supreme Court held:

"When article 2160, Civ. Code, says of conventional subrogation that 'it must be made at the same time as the payment,' it simply means that the agreement of subrogation cannot be entered into after the payment. It does not mean that it cannot be entered into before the payment, as where the agreement is that, in case the party pays the debt at any time in the future, he shall be subrogated to all the rights of the creditor. Where the distinct understanding is that the payment will be made only on the condition of subrogation, the mere sending of a check in payment of the debt, without anything further being said about subrogation, will operate the subrogation."

Plaintiff argues that, since Gibson did not send his own check to the loan company, the case of Cooper v. Jennings Refining Company is not in point. The contention is untenable. We can see no difference in principle between making a payment in person and making it through an agent, particularly an attorney at law. Gibson is also criticized for his failure to testify in his own behalf, but, since the facts relied upon by him have been amply proven by other witnesses, we fail to see how his absence should affect the result.

The court below rendered judgment in Gibson's favor, maintaining his third opposition, and we are of opinion that its judgment was correct.

Consequently, and for the reasons herein assigned, it is affirmed.

Affirmed.